Totton, J.
delivered the opinion of the court.
The case is a motion against defendant as a constable for the non-return of an execution. It appears that an execution in favor of plaintiff, against McDonald and Pickard for $155 62, on a judgment before a justice of Maury county, was' placed in the hands of defendant, a constable, on the 20th April, 1844, and this motion was instituted on the 19th June, 1850.
The circuit court was of opinion and so adjudged, that the motion was barred by the act of limitations, and plaintiff has appealed in error.
This motion is given by act 1835, ch. 17, which provides, that if the officer “shall fail to make return” of any execution issued by a justice, “within thirty days after its issuance,” he shall be liable on motion for the amount due on the execution, and twelve and a half per cent damages thereon.
The defence relied upon being the limitation of time, it is *424 to be observed, that the act of 1823, ch. 16, limiting certain motions to three and four years, has no application to the present case, as it provides only for the special case, where the execution is returned satisfied. Stanly vs. Daily, 4 Hump. R. 56, and the case before us is for the non-return of an execution.
A motion being in the nature of an action or suit, it is well settled, that the acts of limitation applicable to several forms of action, should be held likewise to apply to a motion ; and whether one act or another shall apply, depends upon the nature and character of the case, which constitutes the subject of the motion. Merritt vs. Parks, 6 Hump. R. 335.
If an officer collect money on execution, debt will lie for its recovery ; but if the remedy be by motion under the statute, instead of debt, as at common law, in that case the limitation of six years applies to the motion, because it applies to the action for which it is a substitute.
But if the officer be guilty of negligence in the performance of his office, that is an injury for which the remedy at common law, is a special action on the case, and the recovery is in damages to the extent of the injury sustained. But as the action on the case is limited to three years, so the motion given by statute for the failure to make return, or for a false or insufficient return, in other words, for the negligence or mis-conduct of the officer, is to be held as limited to the same time as the action on the case, for which it is a substitute. In the case before us, the injury is, the failure to return the execution, and the limitation upon the motion, by analogy to that upon the action on the case, is three years.
The motion is not to be taken as an action upon the bond, to which the acts of limitation alluded to do not apply; but as a proceeding under the statute upon the facts in pais, as they may appear in proof in support of the motion. It is not necessary to produce the bond in support of the motion aganst *425 the officer; though it is the legal and proper evidence to show who are his sureties.
But if the party injured be barred of his motion, which in many cases is a harsh proceeding, resulting in injustice, he is not without remedy by action on the bond, assigning thereon proper breaches; and his recovery will be to the true extent of the injury actually sustained.
Judgment affirmed.